UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL LEON FORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-24-CV-649-FB (HJB) |
| | § | |
| EBT LOGISTICS, INC., | § | |
| | § | |
| Defendant, | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Fred Biery, United States District Judge:**

This Report and Recommendation concerns the status of the above case, which has been referred to the undersigned for consideration of pretrial matters. (*See* Docket Entry 9.) For the reasons set out below, I recommend that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**I.     Jurisdiction.**

Plaintiff filed this complaint alleging race discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq*. (Docket Entry 5.) The Court has original jurisdiction over federal questions pursuant to 28 U.S.C. § 1331. I have authority to issue this Report and Recommendation pursuant to 28 U.S.C. § 636(b).

**II.    Background.**

Proceeding *pro se*, Plaintiff filed this lawsuit on June 11, 2024. (Docket Entry 1.) On June 12, 2024, the undersigned granted Plaintiff leave to proceed *in forma pauperis*, and the Clerk of the Court issued a summons for Defendant. (Docket Entries 4, 6.) Service was executed on July 2, 2024 (Docket Entry 11, at 1), but Defendant did not answer or otherwise respond.

Accordingly, the undersigned ordered that Plaintiff file an affidavit or other evidence of Defendant's failure to plead in order to obtain a default against Defendant under Federal Rule of Civil Procedure 55(a). (Docket Entry 12, at 1.) Alternatively, the undersigned permitted Plaintiff to advise the Court as to the status of the parties' communications subsequent to service of the complaint. (*Id.*)

Plaintiff's response to the order was due on September 9, 2024. (Docket Entry 12, at 1.) On August 29, 2024, Plaintiff filed a motion for an extension of time to file the advisory, so that he could hire an attorney to represent him. (Docket Entry 13.) The undersigned granted the motion, extending the deadline for the advisory by three months, to December 9, 2024. (Docket Entry 14.) The extended deadline passed without any advisory or other filing from Plaintiff. Accordingly, the undersigned again ordered Plaintiff to file the required advisory, along with an explanation for his failure to timely do so in the first place, by January 17, 2025. (Docket Entry 15.) That deadline has now passed as well, still without any response from Plaintiff. Five months have now passed without any communications from Plaintiff.

### III. Discussion.

Federal Rule of Civil Procedure 41 provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Although the rule speaks in terms of a motion to dismiss, the Court possesses inherent authority to dismiss an action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). In appropriate cases, dismissal for want of prosecution is essential to the administration of justice; the Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition

2

of cases. *Link*, 370 U.S. at 630. As the Court explained in *Link*, the availability of a dismissal sanction "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 630–31.

Plaintiff's case should be dismissed under Rule 41(b). Plaintiff failed to respond to the order requiring an advisory as to service in this case, despite receiving an extension of time in which to do so. (Docket Entry 14.) Plaintiff then failed to respond to the Show Cause Order, despite being admonished that failure to do so could result in dismissal under Rule 41(b). (Docket Entry 15.) Plaintiff has had no contact with the Court for five months, and there has been neither an answer from Defendant nor any update on the status of the parties' communications.

Plaintiff's inaction in this case makes it "apparent that [he] longer wishes to pursue this lawsuit." *Gollott v. Peterson*, Cause No. 1:16-CV-49-LG-RHW, 2016 WL 3647153, at *2 (S.D. Miss. June 30, 2016). His inaction warrants dismissal without prejudice under Rule 41(b), as the record demonstrates that lesser sanctions than dismissal—for example, issuing an order to show cause—would be futile. *Id.* (citing *Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005)).

## IV. Conclusion and Recommendation.

For the reasons set out above, I recommend that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court's orders.

## V. Instruction for Service and Notice for Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified

mail, return receipt requested. Written objections to this Report and Recommendation must be filed within **14 days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered." *Williams v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on January 28, 2025.

_____
Henry J. Bemporad
United States Magistrate Judge