IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL LEON FORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-24-CV-649-FB |
| | § | |
| EBT LOGISTICS, INC., | § | |
| | § | |
| Defendant. | § | |

### ORDER ACCEPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

The Court has considered the Report and Recommendation of United States Magistrate Judge filed in the above-captioned cause on January 28, 2025 (docket #16). On January 29, 2025, the Report and Recommendation was sent by certified mail, return receipt requested to Plaintiff (docket #17), and on February 10, 2025, the certified mail addressed to Plaintiff Michael Leon Ford containing the Report and Recommendation of United States Magistrate Judge was returned by the United States Postal Service with the notation "return to sender; attempted - not known; unable to forward." (Docket number 19). To date, no objections or response to the Report have been filed.[1] The Court has reviewed the electronic docket sheet in this case and does not find a change of address notification filed by the Plaintiff.

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing." FED. R. CIV. P. 5(b)(2)(C). If service is made by electronic means, "service is complete upon transmission." *Id.* at (E). When the mode of service is by electronic means, three days are no longer added to the time period to act after being served. *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure. In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service. *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment. The amendments took effect on December 1, 2016.").

In the Report, United States Magistrate Judge Henry J. Bemporad recommends that Plaintiff's case be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). As Magistrate Judge Bemporad explains in the Report, Plaintiff failed to respond to the order requiring an advisory as to service in this case, despite receiving an extension of time, and then failed to respond to the Show Cause Order, despite being admonished that failure to do so could result in dismissal under Rule 41(b). Additionally, Plaintiff has had no contact with the Court for over five months, and there has been neither an answer from Defendant nor any update on the status of the parties' communications. "Plaintiff's inaction in this case makes it 'apparent that [he] longer wishes to pursue this lawsuit.' *Gollott v. Peterson*, Cause No. 1:16-CV-49-LG-RHW, 2016 WL 3647153, at *2 (S.D. Miss. June 30, 2016). His inaction warrants dismissal without prejudice under Rule 41(b), as the record demonstrates that lesser sanctions than dismissal—for example, issuing an order to show cause—would be futile. *Id.* (citing *Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005))." Report, docket #16 at page 3.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), cert. denied, 492 U.S. 918 (1989). The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's case shall be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge filed in this cause on January 28, 2025 (docket #16), is ACCEPTED pursuant to

28 U.S.C. § 636(b)(1) such that Plaintiff's case is DISMISSED WITHOUT PREJUDICE for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Motions pending, if any, are also DISMISSED, and this case is now CLOSED.

    It is so ORDERED.

    SIGNED this 27th day of February, 2025.

                                                            _____
                                                            FRED BIERY
                                                            UNITED STATES DISTRICT JUDGE